# United States District Court
### CENTRAL DISTRICT OF ILLINOIS

Joseph F. McCloud
 ) 
Plaintiff )
 )
vs. )
 ) Case No. _____
Brandon D. Harmon, individua ) (*The case number will be assigned by the clerk*)
lly, Amber R trusty, individuall )
y, sgt K.Tarter, individually, )
Cody J Laborence Lieutenant )
individually, Dalton R Eutsey )
Lieutenant. All in their indiv )
idunl capacity, former warden )
~~Teri~~ Kennedy, individually )
 )
Defendant(s) )

SCANNED at PCC and E-Mailed
1-30-2020 (date) by AD (initials)
9 (# of pages)

(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).

## COMPLAINT*

Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.

- [x] 42 U.S.C. §1983 (state, county or municipal defendants)

- [ ] Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

- [ ] Other federal law: _____

- [ ] Unknown _____

## I. FEDERAL JURISDICTION

*Please refer to the instructions when filling out this complaint. Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

Full Name: Joseph McCloud

Prison Identification Number: M19149

Current address: Pontiac C.C.
PO box 99 Pontiac, IL 61764

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

Defendant #1:

Full Name: Cody J Laborence

Current Job Title: Lieutenant

Current Work Address: Pontiac CC
PO box 99 Pontiac, IL 61764

Defendant #2:

Full Name: Brandon D Harmon

Current Job Title: Correctional officers

Current Work Address: Pontiac CC
PO box 99, Pontiac, IL 61764

Defendant #3:

Full Name: Amber R. Trusty

Current Job Title: Correctional officers

2

Current Work Address **Pontiac CC**
**po box 99, Pontiac IL 61764**

Defendant #4:

Full Name: **K Tarter**

Current Job Title: **Sgt**

Current Work Address **Pontiac CC**
**po box 99, Pontiac IL 61764**

Defendant #5:

Full Name: **DAlton R. Eutsey**

Current Job Title: **Lieutenant**

Current Work Address **Pontiac CC**
**po box 99, Pontiac IL 61764**

For additional defendants, provide the information in the same format as above on a separate page.

## III. LITIGATION HISTORY

The "three strikes rule" bars a prisoner from bringing a civil action or appeal in forma pauperis in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?    Yes ☐    No ■

If yes, please describe _____

_____

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☐    No ■

C. If your answer to B is yes, how many? _____ Describe the lawsuit(s) below.

3

Current Work Address _____

_____

Defendant #4:

Full Name: **Teri Kennedy**

Current Job Title: **Former warden**

Current Work Address **Pontiac correctional center P.O. Box 99 pontiac IL 61764**

Defendant #5:

Full Name: _____

Current Job Title: _____

Current Work Address _____

_____

*For additional defendants, provide the information in the same format as above on a separate page.*

## III. LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or appeal in forma pauperis in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?     Yes ☐     No ☒

If yes, please describe _____

_____

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☐     No ☒

C. If your answer to B is yes, how many? _____ Describe the lawsuit(s) below.

3

1. Name of Case, Court and Docket Number _____

    _____

2. Basic claim made _____

3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?) __N/A_____

*For additional cases, provide the above information in the same format on a separate page.*

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A. Is there a grievance procedure available at your institution? Yes ■  No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

    Yes ■  No ☐

If your answer is no, explain why not _____

_____

C. Is the grievance process completed?  Yes ■  No ☐

## V. STATEMENT OF CLAIM

Place(s) of the occurrence __Pontiac C.C. West cell House__

4

Date(s) of the occurrence  July 29 2019 and July 31, 2019

*State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.*

THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. *Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.*

A) I) On July 29th 2019 defendants Brandon d Harmon and Amber B Trusty were assigned to 3 gallery. II About the time scheduled for plaintiff to shower. plaintiff asked defendants to get him a crisis team because plaintiff was planning to hang himself. III Defendants Harmon and trusty told plaintiff to shut the fuck up and ordered plaintiff to cuff up. one of the defendants laughed saying so my stank ass could goto the shower. IV Plaintiff complied with defendants orders and exited his cell, assumming defendants were escorting him to shower cell to apply a security belt and believed at the time defendants walked off that when defendants returned defendants would apply the security belt as recomended by plaintiffs physicians to escort plaintiff to a holding tank to meet with mental health or nurse. V At around 6:15-6:20 defendants returned ordering plaintiff to put hands behind back and cuff up and return to your cell or plaintiff will be written up. VI Plaintiff's response was if he returned to his cell he would hang himself. VII Defendants gave three more orders to cuff up and return to cell before walking off a second time. B) I) 10 minutes later defendant sgt K. Tarter and Lieutenant cody J. Laborence approached plaintiff and asked why was he refusing to cuff up and return to

5

his cell.[II] plaintiff's response was he wanted to kill him self by way of asphyxiation he thought c/o Harmon and trusty escorted him to this shower cell to apply a security belt because his right hand deformity as recomended by his physician/doctor ordered on 6-18-19.[III] Defendants response at this time was an order for plaintiff to cuff up with his hands behind his back or the tac-team will be utilized to remove him for refusing to return to his cell.[IV] Plaintiff told defendants his hand is in pain and he would hang him self if returned to his cell please can you just apply the security belt and escort me to a holding tank.[V] Defendants at this moment walked off. C) I) At 7:00pm Defendants Lieutenant Dalton R. Futsey the tac-team supervisor approached plaintiff with two other officers one holding a camcorder recording incidents activity, and ordered plaintiff to put hands behind his back and cuff up to return to his cell.[II] Plaintiff told defendants he has an active medical permit for a security belt and would hang him self once returned to cell he needs a crisis team.[III] At this moment defendants walked-off and later returned to 3 gallery shower cell with his team to remove plaintiff wanton and maliciously to cause plaintiff harm. a) I) On July 31st 2019 plaintiff written an emergency grievance written on behalf of Lehman c.c.I that was rejected as an emergency by former warden Kennedy.[II] On 11-30-19 I discovered their is a personal involvement with defendant Kennedy at that time by an Institutional directive that is governed by Administrative directives.[III] This Id 050.126 A policy that defendents used as a reason to

6

to violate and continue to violate A clearly established constitutional right of plaintiff. IV. By denying to apply security belt and to employ the tac-team resulting in more injuries to plaintiffs right hand and person

A) Defendant Harmon and trusty deliberate indifference to a serious mental health need.

B) Defendants sgt K. Tarter and Lieutenant cody Jaborence deliberate indifference to a serious medical need.

C) Defendants Lieutenant Dalton B Eutsey Excessive force used wanton and maliously to cause harm.

d) Defendant Former warden Teri kennedy Failure to intervene in the violation of Plaintiff's clearly established constitutional right.

**RELIEF REQUESTED**

(State what relief you want from the court.)

punitive damages for individuals deliberate

7

indifference to plaintiffs clearly established constitutional right and for the excessive force.

JURY DEMAND     Yes ☒     No ☐

Signed this __29th__ day of __January__, 20__20__.

_____
( Signature of Plaintiff)

| Name of Plaintiff: Joseph F. McCloud | Inmate Identification Number: M10149 |
|---|---|
| Address: Pontiac Correctional center 700 W Lincoln street, PO box 99 Pontiac, IL 61764 | Telephone Number: 815-842-2816 |

8