UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH F. McCLOUD, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 20cv-1043-JBM |
| | ) |
| BRANDON HARMON, et al., | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW – AMENDED COMPLAINT

Plaintiff, proceeding *pro se* and currently incarcerated at the Stateville Correctional Center, files an amended complaint under 42 U.S.C. § 1983 alleging deliberate indifference to his serious medical needs, failure to protect and excessive force at the Pontiac Correctional Center ("Pontiac"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff asserts that, on an unidentified date, he sustained a fracture to his hand and wrist. As a result, he was issued a special cuffing permit whereby he was to be cuffed from the front with the cuffs attached to a waist chain. Plaintiff alleges that on July 29, 2019, Defendant

Officers Harmon and Trusty cuffed him behind his back despite Plaintiff telling them he had a front-cuffing permit. Plaintiff does not claim that he was injured as a result.

Plaintiff also alleges that Defendants Tarter and Laborence failed to protect him from Defendants Harmon and Trusty cuffing him from behind. Plaintiff states, confusingly, that when Defendants Tartar and Laborence made their rounds on 3 Gallery, Plaintiff was "still in the shower awaiting guards to apply cuffs as medically ordered on July 29, 2019." As result, he does not plead that Defendants Tarter and Laborence were there when the cuffs were applied. As a result, Plaintiff fails to plead that Defendants Tarter and Laborence knew he would be improperly cuffed or had an opportunity to prevent it.

Plaintiff alleges an excessive force claim against Defendant Eutsy claiming, without preamble, that Defendant entered Plaintiff's shower and attempted to restrain him. In the process, Defendant Eutsy bent Plaintiff's fractured hand, maced him several times in the face, and cuffed him behind his back, causing nerve damage to the fractured hand and wrist. Plaintiff also alleges that once he was restrained, Defendant Eutsy punched him in the right side of the head, causing a 2-inch laceration and swelling above the right eye. Plaintiff requests compensatory and punitive damages.

**ANALYSIS**

Plaintiff alleges that Defendants Harmon and Trusty were deliberately indifferent to his serious medical needs as they, though aware of his front-cuffing permit, cuffed him from behind. Deliberate indifference a prisoner's serious medical need violates the Eighth Amendment. *Snipes v DeTella*, 95 F.3d 586, 590 (7th Cir. 1996), citing *Estelle v. Gamble*, 429 U.S. at 104, 97 S.Ct. 285 (1976). "In order to prevail on a deliberate indifference claim, a plaintiff must show (1) that his condition was 'objectively, sufficiently serious' and (2) that the 'prison officials acted with a

sufficiently culpable state of mind." *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008). A sufficiently culpable state of mind will be found where a defendant had actual knowledge of and disregarded a substantial risk that Plaintiff would suffer harm. *Petties v. Carter*, 836 F.3d 722, 729–30 (7th Cir. 2016), *as amended* (Aug. 25, 2016) (internal citations omitted).

Here, Plaintiff pleads that Defendants were aware of his front- cuffing medical permit but, nonetheless, cuffed him from behind. While this would otherwise be enough to plead deliberate indifference, pursuant to 42 U.S.C.A. §1997e(e), a prisoner may not assert a civil action for money damages regarding his confinement without a prior showing of physical injury. *See Zehner v. Trigg*, 133 F.3d 459, 460 (7th Cir. 1997). While Plaintiff alleges that Defendant Eutsy's use of excessive force caused nerve damage to his hand and wrist, he does not plead that Defendants Harmon and Trusty injured him. The deliberate indifference claim is DISMISSED as to Defendants Harmon and Trusty. As this is the only claim against them, Defendants Harmon and Trusty are DISMISSED.

Plaintiff alleges a claim against Defendants Tarter and Laborence for failure to protect. It appears, however, that he actually pleads a failure to intervene. However, to be liable for a failure to intervene, a defendant must have had a "realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right..." *Bey v. Pollard*, 13-952, 2014 WL 5460439, at *4 (E.D. Wis. Oct. 27, 2014) (internal citations omitted). Here, Plaintiff claims that he was in the shower and not yet handcuffed at the time Defendants Tarter and Laborence made rounds on the gallery. As a result, he fails to plead that they were aware of the alleged actions of Defendants Harmon and Trusty and had a realistic opportunity to intervene. *Id*. at *4. This claim, and these Defendants, are DISMISSED.

Plaintiff also plead excessive force by Defendant Eutsy. In an excessive force claim, the relevant inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). The Court must balance the amount of the force used against the need for the force. *Reid v. Melvin*, 695 Fed.Appx. 982, 983-84 (7th Cir. 2017). It is unclear as to why Defendant Eutsy entered the shower to restrain Plaintiff. Plaintiff has pled, however, that after he was restrained, Defendant Eutsy punched him in the head. As a result, Plaintiff pleads enough at this stage to proceed on an excessive force claim against Defendant Eutsy.

**IT IS THEREFORE ORDERED**:

1. This case shall proceed solely on the excessive force claim against Defendant Eutsy. Plaintiff's claims of deliberate indifference and failure to intervene are DISMISSED as are Defendants Harmon, Trusty, Tarter, Laborence and Eutsy. Plaintiff will be given a final opportunity, within 30 days, to replead as to these Defendants, should he wish. If Plaintiff repleads, it is to be captioned a Second Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading. Plaintiff's motion for status [ECF 17] is rendered MOOT by this order.

2. The Clerk is directed to send Defendant Eutsy, pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

3. If Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on Defendant and will require that Defendant pay the full costs of formal service pursuant to

Federal Rule of Civil Procedure 4(d)(2). If Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

4. Defendant shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

5. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

6. Once counsel has appeared for Defendant, Plaintiff need not send copies of filings to Defendant or Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendant is not available, Plaintiff will be notified and instructed accordingly.

7. Counsel for Defendant is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendant shall arrange the time for the depositions.

8. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES;

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES; AND,

3) ENTER THE STANDARD QUALIFIED PROTECTIVE ORDER PURSUANT TO THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

 2/26/2021  
ENTERED

       s/Joe Billy McDade  
       JOE BILLY McDADE  
    UNITED STATES DISTRICT JUDGE